**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4017

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TIFFANIE ANITA BRACK,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta Copeland Biggs, District Judge. (1:15-cr-00363-LCB-1)

Submitted: September 28, 2017          Decided: October 6, 2017

Before TRAXLER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, Winston-Salem, North Carolina, for Appellant. Frank Joseph Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiffanie Anita Brack appeals her convictions and 48-month sentence following her guilty plea to one count of mail fraud, in violation of 18 U.S.C. §§ 1341, 2 (2012), and one count of bank fraud, in violation of 18 U.S.C. § 1344(2) (2012). Brack's attorney has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal, but questioning (1) whether the district court complied with Fed. R. Crim. P. 11 in accepting Brack's guilty plea; (2) whether the variant sentence is procedurally and substantively reasonable; and (3) whether the district court abused its discretion in running the sentence consecutive to a term of imprisonment imposed for the revocation of supervised release. Brack has filed a pro se brief in which she also challenges the reasonableness of her sentence, claims that she was entitled to notice of the district court's intent to vary from the Guidelines range, and asserts that counsel rendered ineffective assistance. Upon review, we affirm.

Because Brack did not move in the district court to withdraw her guilty plea, we review her plea hearing for plain error. *United States v. Martinez,* 277 F.3d 517, 525 (4th Cir. 2002). "[T]o satisfy the plain error standard [Brack] must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." *United States v. Massenburg,* 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Brack satisfies these requirements, "[t]he decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 343 (internal quotation marks omitted). Our review of the record reveals that the district court substantially complied with Rule 11 of the Federal

2

Rules of Criminal Procedure in accepting Brack's guilty plea, which Brack entered knowingly and voluntarily.

We review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 41 (2007). We first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2012] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. If the sentence is free of procedural error, we then considers the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.*

When the district court imposes a variant sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington,* 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, . . . it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer,* 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). A substantial departure should "be supported by a more significant justification than a minor one." *Gall,* 552 U.S. at 50. However, we "*must* defer to the trial court and can reverse a sentence *only* if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. Evans,* 526 F.3d 155, 160 (4th Cir. 2008).

Upon review, we conclude that Brack's sentence is both procedurally and substantively reasonable. The district court properly calculated Brack's offense level and criminal history. Additionally, in rendering an individualized sentence and imposing an upward variance, the district court considered Brack's lengthy criminal history, including two prior terms of imprisonment that had not deterred her criminal conduct, and her continued criminal behavior while on supervised release. Although the district court primarily focused on the need to deter Brack's criminal behavior, the court also noted that it had considered the nature and circumstances of the offense; the history and characteristics of the defendant, including her age and mental condition; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and the need to protect the public. We conclude that the district court adequately considered the § 3553(a) factors, conducted an individualized assessment based on the facts presented, and gave adequate reasons to support the variant sentence. We further conclude that the district court did not abuse its discretion in running Brack's sentence consecutive to the sentence imposed for the revocation of her supervised release. *See* U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.4(C) (2015) (addressing situations in which "the defendant was on federal . . . supervised release at the time of the . . . offense and has had such . . . supervised release revoked" and recommending "that the sentence for the . . . offense be imposed consecutively to the sentence imposed for the revocation").

Turning to the additional issues raised by Brack in her informal brief, Brack argues that she was never given notice that the district court intended to impose an upward variance. Because Brack did not raise the issue in the district court, we review for plain

4

error.  *United States v. Spencer,* 848 F.3d 324, 328 (4th Cir. 2017).  Brack cannot demonstrate any error, however, as the district court was not required to provide notice of its intent to vary from the Guidelines range.  *See Irizarry v. United States,* 553 U.S. 708, 714-16 (2008); *United States v. Morace,* 594 F.3d 340, 344 (4th Cir. 2010).  Finally, to the extent that Brack suggests that counsel rendered ineffective assistance, we find that no conclusive evidence of ineffective assistance appears on the face of the record and any such claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion.  *See United States v. Faulls,* 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders,* we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Brack, in writing, of the right to petition the Supreme Court of the United States for further review.  If Brack requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Brack.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*